16 F.3d 410
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 David H. JENKIN, Plaintiff-Appellant,
v.
ELECTRO-TEC-CORPORATION, Defendant-Appellee.
 No. 93-1553.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 26, 1993.
Decided Jan. 26, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, Chief District Judge.
 Terry N. Grimes, King, Fulghum, Snead, Nixon & Grimes, Roanoke, VA, for Appellant.
 Clinton Stephen Morse, Woods, Rogers, & Hazlegrove, Roanoke, VA, for Appellee.
 Frank K. Friedman, Todd A. Leeson, Woods, Rogers, & Hazlegrove, Roanoke, VA, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, PHILLIPS, Circuit Judge, and SMITH, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 David Jenkin appeals from the district court's grant of summary judgment to Electro-Tec Corporation on his claim under the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621-634 (hereinafter the ADEA). Finding no error in the court below, we affirm.
 
 
 2
 "In order to establish a cause of action under the ADEA, a plaintiff must demonstrate that but for the employer's motive to discriminate against the plaintiff on the basis of age, the plaintiff would not have been discharged." EEOC v. Clay Printing Co., 955 F.2d 936, 940 (4th Cir.1992). An ADEA case may be proved in one of two ways: either by "any direct or indirect evidence relevant to and sufficiently probative of the issue....," Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 239 (4th Cir.1982); or by using the judicially created scheme established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Appellant in this case has attempted to overcome summary judgment using both methods.
 
 
 3
 When analyzing a case based on direct evidence without using the McDonnell Douglas presumptions, the plaintiff may only prevail if that evidence shows that but for the plaintiff's age, the plaintiff would not have been discharged. Lovelace, 681 F.2d at 240; see Hazen Paper Co. v. Biggins, 113 S.Ct. 1701, 1705 (1993) (liability under ADEA depends on whether age actually motivated employer's decision). To overcome a motion for summary judgment based upon direct evidence, the plaintiff must produce "direct evidence of a stated purpose to discriminate on the basis of age and/or circumstantial evidence of a stated purpose to discriminate on the basis of age of sufficient probative force to reflect a genuine issue of material fact." Clay Printing, 955 F.2d at 941. The district court in a thorough opinion in this case correctly concluded that appellant here produced no such evidence.
 
 
 4
 The other method of proof for an ADEA case is as follows: first, the plaintiff must prove by a preponderance of the evidence a prima facie case of discrimination; second, the defendant must articulate a legitimate non-discriminatory reason for the adverse employment decision; and finally, the plaintiff must have a chance to prove the articulated reasons are merely a pretext for discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). The plaintiff always bears the ultimate burden to prove intentional discrimination. St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742, 2747 (1993).
 
 
 5
 To make out a prima facie case of discriminatory termination, a plaintiff must show:
 
 
 6
 1) that he is in the protected age group; 2) that he was discharged; 3) that at the time of the discharge, he was performing his job at a level that met his employer's legitimate expectations; and 4) that persons outside the protected age class were retained in the same position or that there was some other evidence that the employer did not treat age neutrally in deciding to dismiss the plaintiff.
 
 
 7
 Duke v. Uniroyal, Inc., 928 F.2d 1413, 1417 (4th Cir.1991). In this case, even assuming that appellant made out a prima facie case,[1] he has completely failed to produce any evidence to rebut the employer's articulated non-discriminatory reason. The employer in this case has shown that Jenkin was replaced by Lee Cochran because Cochran was a better employee, and Jenkin has not met his ultimate burden of proving that the termination was in fact based on age.
 
 
 8
 Appellant has totally failed to establish an issue of material fact that would enable him to meet his burden of proof either under a direct evidence test or under the McDonnell Douglas standard.
 
 
 9
 Accordingly, the district court correctly granted summary judgment to Electro-Tec Corporation.[2]
 
 AFFIRMED
 
 
 [1]
 Actually, appellant's direct replacement, Lee Cochran, was also within the protected age class. However, other supervisors were retained who were under forty years of age
 
 
 [2]
 In its brief, appellee also raises the argument that appellant is barred from pursuing this action by the doctrine of election of remedies. This argument is based on appellant's previous settlement of a claim of discrimination based on his status as a veteran arising out of these same facts. The district court ruled against appellee on this issue. However, appellee did not note a cross-appeal, and the matter therefore is not properly before this court. United States v. American Railway Express Co., 265 U.S. 425, 435 (1924)